NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUANGLU WEI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   18-72195

Agency No. A099-063-112

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 21, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Guanglu Wei, a native and citizen of the People's Republic of China,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

upholding the Immigration Judge's ("IJ") denial of his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition as to Petitioner's claims for asylum and withholding of removal, and deny the petition as to his claim for CAT protection.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  Where the BIA conducts "its own review of the evidence and law rather than simply adopting the immigration judge's decision . . . our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'"  *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. I.N.S*, 204 F.3d 985, 990 (9th Cir. 2000)).

1.  Petitioner does not argue that he experienced past persecution entitling him to a presumption of a well-founded fear of future persecution, but he contends that he nonetheless established a well-founded fear of future persecution.  A petitioner need not show a reasonable possibility that he will be singled out individually for persecution upon return to his country if he establishes that he is part of a group whose members are all systematically persecuted, such that "group membership itself subjects [him] to a reasonable possibility of persecution" and

---

[1] Petitioner also challenges the IJ's adverse credibility determination. Because the BIA assumed without deciding that Petitioner was credible and did not adopt the IJ's decision, we are unable to review that issue.  *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

"render[s] proof of individual targeting entirely superfluous." *Kotasz v. I.N.S.*, 31 F.3d 847, 852 (9th Cir. 1994); *see* 8 C.F.R. § 208.13(b)(2)(iii). Here, the agency considered only whether Petitioner demonstrated that his experiences in China in the past suggested he would be individually targeted for persecution. In evaluating the risk of future persecution, the BIA did not consider whether Petitioner showed "a systematic pattern or practice of persecution against the group to which he belongs in his home country," stating that Petitioner did not challenge the IJ's finding on that point on appeal and therefore waived the issue. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quotation marks omitted). But Petitioner's brief before the BIA did challenge the IJ's finding that he failed to show a sufficient pattern or practice of persecution against Christians in China. Although he made this argument only in the section of his brief discussing withholding of removal, proceeded pro se before the BIA, and this argument was sufficient to "put the BIA on notice of the contested issues." *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)) (noting that the court should construe liberally claims made pro se before the agency). The BIA therefore erred in deeming Petitioner's pattern-or-practice argument waived. Because the BIA's denial of Petitioner's claim for withholding of removal was premised on its flawed analysis of Petitioner's claim for asylum, we remand for the BIA to reconsider Petitioner's eligibility for both asylum and

3

withholding of removal. *See Singh v. Whitaker*, 914 F.3d 654, 661 n.2 (9th Cir. 2019).

2.   Substantial evidence supports the BIA's denial of Petitioner's CAT claim.  Although Petitioner cited country conditions evidence showing that China sometimes acts with intolerance toward members of Christian house churches, the BIA did not clearly err by concluding that this evidence did not establish that Petitioner would more likely than not be tortured. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (deeming the possibility of torture too speculative to compel reversal).  The BIA therefore permissibly concluded that Petitioner was not eligible for CAT protection.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**